IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:07-177-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Emilio Bautista-Teran, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises four grounds for relief. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has filed his response and the matter is ready for resolution.

**BACKGROUND**

On June 21, 2007, Defendant was charged in a Third Superseding Indictment with, *inter alia*, participation in a conspiracy to distribute 5 kilograms or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1); and participation in a conspiracy to launder drug proceeds, a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), 1956(h) and 1957 (Count 19).

On September 28, 2007, Defendant appeared before this court and pleaded guilty to Counts 1 and 19 pursuant to a written plea agreement with the Government. During the Rule 11 colloquy conducted by this court,[1] which Defendant does not challenge, this court advised Defendant of the minimum and maximum statutory penalties applicable to the charges to which he was pleading

---

[1] Defendant does not speak English and therefore Defendant's responses during the proceedings were translated through a court-certified interpreter.

1

guilty. Tr. of Plea Hrg (hereinafter "Plea Tr.") at 29, 30, 32 (Dkt. # 469, filed June 15, 2009). Additionally, the court reviewed Defendant's agreement to waive direct appeal as to both his conviction and sentence. *See* Plea Agreement at 13 (Dkt. # 293, filed Sept. 28, 2007). As to the waiver of appeal, the court advised Defendant:

> In . . . your plea agreement[ ], there is a provision that says you have given up your right to appeal from any sentence that I impose, so that even though you are proposing today to enter a plea of guilty, you will later be sentenced, you will not be able to appeal under this plea agreement, and there are some restrictions on this waiver which would not, it would not apply in certain circumstances, but you would be giving up important appeal rights by virtue of this waiver in your plea agreement. Do you wish to give up these rights as you have indicated in your plea agreement?

Plea Tr. at 38. Defendant responded in the affirmative. *Id*. at 39.

Defendant acknowledged in his Plea Agreement that he understood that the court could consider all of his relevant conduct associated with these crimes when establishing the correct guideline range under the United States Sentencing Guidelines ("USSG" or "Guidelines") § 1B1.3. Plea Agreement at 4,5 (Dkt. # 293, filed Sept. 28, 2007). Defendant averred during the Rule 11 colloquy that he had an opportunity to review and discuss the plea agreement in full with his attorney. Plea Tr. at 15, 16.

On May 27, 2008, the court sentenced Defendant to 262 months' imprisonment.[2] This term consisted of 262 months' imprisonment as to Count 1 and 240 months' imprisonment as to Count 19, with these periods of incarceration to run concurrently with each other. At the sentencing, the court told Defendant

> your plea agreement noted that you had agreed to waive or give up your right to appeal from your conviction or sentence by means of direct appeal. Only in very unusual circumstances may someone who has given up that right nevertheless file

---

[2]Defendant was originally sentenced on May 21, 2008. However, some errors in the Presentence Report (PSR) were noted after Defendant was sentenced, and a re-sentencing was held May 27, 2008.

2

> an appeal. You should discuss that with Mr. Lang. If you decide to do so you must
> file an appeal by noting it within ten days of the entry of the written judgment order
> that contains your sentence. Mr. Lang will advise you of that deadline. If you and
> he disagree about whether an appeal should be filed you may file your own appeal,
> but it must be submitted in writing to this court within that same ten day period.

Sentencing Tr. at 10-11 (Dkt. # 474, filed June 16, 2009).

Defendant did not file a direct appeal of his conviction or sentence. On May 18, 2009, Defendant filed this § 2255 motion, raising four grounds for relief. Grounds One, Two, and Four allege ineffective assistance of counsel. Defendant's third ground for relief contends that his plea was not knowing and voluntary as the Government allegedly failed to prove a material fact which affected the basis of his guilty plea on Count 19.

### GROUNDS ONE, THREE AND FOUR

For the reasons stated by the Government, with which this court agrees and adopts as its reasoning, the Government's motion for summary judgment is **granted** as to these grounds for relief.

### GROUND TWO – INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO FILE NOTICE OF APPEAL

Defendant claims that his counsel was ineffective in failing to file an appeal after Defendant's sentencing "despite [Defendant] requesting [counsel] to do so." Mot. at 6 (Dkt. # 459, filed May 18, 2009). The Government presents an affidavit from defense counsel, Louis H. Lang (Lang), in support of its position that it should be granted summary judgment. Lang avers that after sentencing, he met with Defendant at the Lexington County Detention Center to review the judgment order with Defendant. "Through an interpreter, I went over the Judgement [sic] and Committal and Statement of Reasons. I explained to him, again, the appellate waiver in the plea agreement and the fact that if he appealed, it would not help him in any respect. He agreed that no appeal should be filed." Aff. of Louis H. Lang at 2, 3 (Dkt. # 487-2, filed July 28, 2009).

Defendant maintains in his response to the Government's motion that he does not dispute that counsel discussed the appellate waiver and the fact that if Defendant appealed "it would not help him in any respect." Def. Resp. to Gov't Mot. for Summ. J. (hereinafter "Def. Resp.") at 10 (Dkt. # 510, filed Oct. 22, 2009).

> What [Defendant] asserts is that he requested defense counsel to submit a Notice of Appeal, and defense counsel, with that baseless argument *convinced him not to submit one*. . . . Defense counsel did not ever [meet] with [Defendant] to discuss the validity of any appeal . . . *he just went to advise Petitioner not to submit one*.

*Id*. at 10 (emphasis added).

On October 20, 2008, Defendant filed a letter with the court, requesting a copy of his docket sheet. Dkt. # 407 (filed Oct. 20, 2008) After payment of the requisite copy fee, the Clerk forwarded a copy of his docket sheet to Defendant on November 4, 2008. Dkt. # 412. Defendant was aware, therefore, no later than mid-November 2008, that no appeal had been filed.

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," U.S. Const. amend. VI. Such assistance must be effective. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to establish an ineffective assistance of counsel claim, Defendant must show (1) that his "counsel's representation fell below an objective standard of reasonableness," measured by the "prevailing professional norms," *id.* at 688, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails

to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The second prong of the *Strickland* test requires that Defendant also establish prejudice. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Strickland*, 466 U.S. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). An attorney is required to file a notice of appeal when unequivocally instructed to do so by a client, even if doing so would be contrary to the plea agreement and irrational because it would be harmful to the client's interests. *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). To show prejudice based on an allegation that his counsel failed to comply with his request to file an appeal, Defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Flores-Ortega*, 528 U.S. at 484.

Defendant's response to the Government's motion for summary judgment indicates that his counsel "convinced him not to submit [an appeal]." Def. Resp. at 10 (Dkt. # 510, filed Oct. 22,

5

2009). Defendant contends that counsel did not meet with him to "discuss the viability of any appeal . . . he just went to advise [Defendant] not to submit one." *Id*. Based on Defendant's own admissions, therefore, there is no dispute that counsel discussed an appeal with Defendant, as there must necessarily have been a discussion for counsel to have "convinced him not to submit" an appeal. Even though counsel "went to advise [him] not to submit one[,]"Defendant admits that he was "convinced" by counsel not to file an appeal. Therefore, Defendant makes no showing that he unequivocally instructed counsel to file an appeal. The Government is entitled to summary judgment on Defendant's second ground for relief.

**CONCLUSION**

The Government's Motion for Summary Judgment is **GRANTED** in its entirety. Defendant's motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 12, 2009