IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:07-177 |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Emilio Bautista-Teran, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, has filed a motion for relief under 28 U.S.C. § 2255. ECF No. 603.

Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on May 18, 2009. ECF No. 459. After full briefing of Defendant's motion, the court granted summary judgment for the Government and dismissed Defendant's § 2255 motion in its entirety. ECF No. 512.

The current motion is a successive § 2255 motion. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals

authorizing the district court to consider the motion . . . ."). Defendant has not received an order from the Fourth Circuit authorizing filing of a successive § 2255.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to receive permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.[1] This motion is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
July 14, 2016

---

[1] Even if Defendant's § 2255 motion was not successive, it would fail on the merits as he does not appear to assert a valid *Johnson* claim. Defendant had two levels added to his drug trafficking guideline for the possession of a dangerous weapon. *Johnson's* invalidation of the residual clause in the "violent felony" definition of the ACCA does not impact such an enhancement.